IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| ROBERT SCOTT STEARNS, | ) | Cause No. CV 10-44-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL | ) | |
| OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On May 5, 2010, Robert Scott Stearns filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Stearns is a state prisoner proceeding pro se.

On August 3, 2010, Stearns was ordered to show cause why his petition should not be dismissed with prejudice for failure to present his claims to the Montana Supreme Court. He failed to respond.

**I. Stearns's Allegations**

Following a jury trial in Ravalli County, Stearns was convicted of three counts of indecent exposure. State v. Stearns, 195 P.3d 794, 796 ¶ 12 (Mont. 2008). In his

1

federal petition, he contends, first, that his trial counsel was ineffective because he did not "object enough" to use of Stearns' previous convictions at trial, did not "push" the differences between the victims' statements to police and their trial testimony, did not call witnesses Stearns wanted to testify, and did not hire an investigator. Pet. (doc. 1) at 4 ¶ 15A.

Second, Stearns claims that there were inconsistencies in the victims' statements and that they must have talked to each other before trial. Id. at 5 ¶ 15B.

Third, Stearns asserts that he was arrested only because of his past, not because there was evidence connecting him to the instant offense. Id. ¶ 15C.

Fourth, Stearns avers that someone else committed the same crime after Stearns was jailed, suggesting that he was not the person responsible for the crimes of which he was convicted. Id. at 5 ¶ 15D.

## II. Procedural Background in State Court

Stearns appealed his conviction to the Montana Supreme Court. The only issue he raised was the trial court's failure to comply with the procedures set forth in State v. Just, 602 P.2d 957 (Mont. 1979), regarding the prosecution's introduction of evidence of other crimes or wrongs. State v. Stearns, 195 P.3d 794, 795 ¶¶ 2-3 (Mont. 2008); Mont. R. Evid. 404(b); Appellant Br. at 4, State v. Stearns, No. 08-0300 (Mont. filed Mar. 19, 2008).

Stearns filed a petition for postconviction relief in the trial court on January 21, 2010. On May 14, 2010, two weeks after Stearns filed his federal petition, the trial court denied his petition for postconviction relief. Stearns had sixty days to appeal. Mont. R. App. P. 4(5)(a)(i), (b)(i); see also Pet. at 3 ¶ 13. The records of the Twenty-First Judicial District show that he did not timely do so.

### III. Analysis

Federal courts are not always permitted to hear habeas claims on their merits. Generally, state prisoners must fairly present their federal claims in the state courts before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).

None of the claims Stearns presents in his federal petition were properly exhausted in the Montana Supreme Court. State law provides no further means for Stearns to present his claims in state court. Mont. Code Ann. §§ 46-21-102(1), 105(1)(a), (2) (2009); State v. Root, 64 P.3d 1035, 1037-38 ¶¶ 16-17 (Mont. 2003); Mont. Code Ann. § 46-22-101; Lott v. State, 150 P.3d 337, 342 ¶ 22 (Mont. 2006). Therefore, all claims in his federal petition are procedurally defaulted. Smith v. Baldwin, 510 F.3d 1127, 1138-39 (9th Cir. 2007) (en banc).

Consequently, the federal court may review Stearns's claims on the merits only if he can excuse his default by showing either (1) cause and prejudice or (2) a

fundamental miscarriage of justice to excuse his default. Id. at 1139 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Stearns was advised of what he must show to excuse his procedural default. Order to Show Cause (doc. 3) at 4. He failed to respond. Neither cause and prejudice nor a fundamental miscarriage of justice are shown on the face of the Petition. Stearns's case should be dismissed with prejudice.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Stearns's claims are not strong. He identifies no particular error or omission by counsel, alleging only that counsel did not do "enough." Inconsistencies among witness statements are matters for the jury to sort out. Any alleged error in Stearns's arrest is obviated by his conviction. That someone else committed a similar crime

after Stearns's arrest does not mean Stearns did not commit the crimes of which he was convicted. Further, because Stearns failed to respond to the Order to Show Cause, it is impossible to find an excuse for his procedural default. No reasonable jurist could reach a different result in this case. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Stearns must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of September, 2010.

                                        /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge